UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SIESTA VILLAGE MARKET,**
**LLC, et al.,**

    **Plaintiffs,**

v.

**JENNIFER GRANHOLM, et al.,**

    **Defendants.**
_____/

Case No. 06-13041

HONORABLE DENISE PAGE HOOD

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(6). Plaintiffs filed the Complaint on July 3, 2006. Defendants filed the instant motion on September 7, 2006. Intervening Defendant, Michigan Beer & Wine Wholesalers Association, filed a Motion to Dismiss in support of Defendants' Motion to Dismiss on October 2, 2006. Plaintiffs filed a Response in Opposition to Defendants' Motion to Dismiss and a hearing was held on the matter.

### II. STATEMENT OF THE FACTS

Consumer Plaintiffs Joe Chess and Terry Fowler [Consumers] are Michigan residents. Both are of the legal drinking age. Neither reside in a dry county and are legally permitted to purchase and consume alcohol. (Compl. at 2). The Consumers regularly purchase and consume wine from in-state retailers. If Michigan law permitted them to do so, the Consumers would purchase wine from out-of-state retailers to be directly shipped to their homes. *Id.* Plaintiff Siesta Village Market [Siesta] is a Florida wine retail store operating out of Sarasota, Florida. Many of the wines Siesta

sells are not readily available to consumers in Michigan. (Compl. at 3). Siesta has received requests to sell, ship, and deliver wine to the homes of its Michigan customers but is unable to do so as a result of Michigan law. *Id.*

Defendant Jennifer Granholm is the Governor of the State of Michigan. Defendant Michael Cox is the Attorney General for the State of Michigan. Defendant Nida Samona is the Chairperson of the Michigan Liquor Control Commission.

Plaintiffs bring this action pursuant to 42 U.S.C. §1983. Plaintiffs challenge the constitutionality of M.C.L.A. §§ 436.1203, 436.1607(1), Mich. Admin. Code Rule 436.1719(c)(5)[1] of Michigan's Liquor Control Code of 1998 and Michigan Liquor Control Commission Rule 436.1011(7)(b). These laws allow Michigan wine retailers to ship wine directly to customers in Michigan, while prohibiting out-of-state retailers from doing the same. Plaintiffs claim that the laws violate the Commerce Clause of the United States Constitution for discriminating against out-of-state wine retailers by prohibiting their participation in direct shipment.

## III. STANDARD OF REVIEW

A defendant may move to dismiss, under Fed. R. Civ. P. Rule 12(b)(6), for failure to state a claim upon which relief can be granted. The purpose of the motion is to test the adequacy of the plaintiff's claims. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). Under Rule 12(b)(6), the Court assumes the truthfulness of the Complaint's factual allegations when evaluating the propriety of the dismissal. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F.Supp.2d 575, 577 (E.D. Mich. 1999). Construing the complaint in the light most favorable to the plaintiff, the Court determines whether it is beyond a doubt that the

---

[1] Plaintiffs cite 436.1719(c)(4), but that section deals with labeling requirements.

plaintiff can prove no set of facts in support of his/her claims that would entitle him/her to relief. *Varljen v. Cleveland Gear Co., Inc*, 250 F.3d 426, 429 (6th Cir. 2001).

## IV. APPLICABLE LAW & ANALYSIS

Defendants move to dismiss the Complaint on two main grounds: (1) Michigan's 3-tier system for alcohol distribution is constitutional under *Granholm v. Heald,* 546 U.S. 460 (2005) and other United States Supreme Court precedent, and (2) that Michigan's prohibition of direct shipping to consumers by out-of-state retailers is protected by the Twenty-First Amendment to the United States Constitution.[2]

### A. The 3-tier System

Michigan, like many states, has a 3-tier system for alcohol distribution. The three parties involved in the 3-tier system are: (1) manufacturers and/or suppliers of wine, liquor, or beer; (2) wholesalers; and (3) retailers. Licensed manufacturers/suppliers must find licensed wholesalers in the state for distribution. The licensed in-state wholesalers then distribute the products to retailers, who sell the alcohol to consumers.

Defendants claim that Michigan's 3-tier system is constitutional under Supreme Court precedent. (Def's. Mot. to Dismiss at 12). Plaintiffs do not claim that Michigan's 3-tier system is unconstitutional. Plaintiffs are challenging the "constitutionality of the Michigan law that prohibits out-of-state wine retailers from shipping wine to Michigan residents, while allowing in-state retailers to do so." (Pls.' Br. in Opp. at 4). It is the exception to the 3-tier system allowing in-state retailers to direct ship to residents that Plaintiffs are challenging, not the 3-tier system as a whole.

---

[2] The Twenty-First Amendment to the United States Constitution provides:

> The transportation or importation into any State, Territory or possession of the United States for the delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited.

3

Defendants further argue that to allow out-of-state retailers to ship wine directly to Michigan consumers would call into question Michigan's 3-tier system held constitutional by the Supreme Court. In *Granholm v. Heald*, the Supreme Court addressed an exception carved out of Michigan's 3-tier system for in-state wine producers that directly shipped to customers. The Supreme Court held that striking down the direct shipping law would not call into question the constitutionality of the 3-tier system itself. The Supreme Court stated:

> The States may argue that any decision invalidating their direct-shipment laws would call into question the constitutionality of the three-tier system. This does not follow from our holding…We have previously recognized that the three-tier system itself is "unquestionably legitimate."

*Granholm,* 544 U.S. at 488-89. While recognizing the legitimacy of the 3-tier system, the Court held that a law flowing out of the system is only protected under the Twenty-First Amendment to the extent that it treats "liquor produced out of state the same as its domestic equivalent." *Id* at 489. Invalidating Michigan's law banning direct shipment to Michigan customers would not call into question the constitutionality of Michigan's 3-tier system. *Id.*

In *Granholm*, the Supreme Court held that Michigan's law prohibiting out-of-state wine producers from direct shipping to customers in Michigan, while allowing in-state producers to do so, was an unconstitutional violation of the Commerce Clause. Defendants contend that the holding of *Granholm* applies only to laws prohibiting out-of-state *wine producers* from direct shipping to customers in the State, and not retailers. (Def.'s Mot. to Dismiss at 15). Plaintiffs argue that "the reason the Supreme Court in *Granholm* only discussed discrimination against wine producers is because that was the type of case it had before it." (Pls.' Br. in Opp. at 5). Retailers are only mentioned in *Granholm* when the Court acknowledges that Michigan allows in-state retailers to direct ship. *Id.* at 490. The Supreme Court has warned that "the language in the Court's

opinion…cannot be taken as a decision upon a point which the facts of the case did not present." *U.S. v. Neifert-White Co.,* 390 U.S. 228, 231 (1968) (holding that language in the opinion should not be interpreted as a decision upon a matter that the facts of the case did not present).

The Court agrees with Plaintiffs. The Court will not construe *Granholm* to explicitly exclude *out-of-state retailers* from the Supreme Court's holding solely because the Supreme Court makes no mention of them in its opinion. The Supreme Court has previously addressed claims of Commerce Clause violations presented by retailers, applying Commerce Clause protection to retailers. *Best & Co. v. Maxwell,* 311 U.S. 454 (1940) (finding a Commerce Clause violation where a state tax applied to only out-of-state retailers and not in-state retailers); *Lenscrafters, Inc. v. Robinson,* 403 F.3d 798 (6th Cir. 2005) (holding that a state law did not discriminate against out-of-state optical retail stores in violation of the Commerce Clause). Taking the Complaint as true, as required by Rule 12(b)(6), Plaintiffs' have stated a claim upon which relief may be granted. It is at the very least arguable that the Supreme Court intended for Commerce Clause protection to apply to *out-of-state retailers* as well.

### B.     The Twenty-First Amendment

Under M.C.L.A. § 436.1203(3)(a), direct shippers must first obtain a direct shipper license in order to ship directly to Michigan consumers. M.C.L.A. § 436.1607 limits those who may obtain such special licenses. It states, in pertinent part, that "[an] outstate seller of wine …shall not be licensed as a specially designated merchant or a specially designated distributor." M.C.L.A. § 436.1607. The exclusion of wine retailers is further detailed by Mich. Admin. Code Rule 436.1719(c)(5) which states: "a shipment of bottled wine from a manufacturer or an outstate seller of wine shall be made only to a licensed wholesaler at the address of the licensed premises, except upon written order of the commission."

Defendants argue that these laws are protected by the Twenty-First Amendment. Plaintiffs argue that Defendants have failed to establish that "states are free to discriminate against" out-of-state retailers under the Twenty-First Amendment. (Pls.' Br. in Opp. at 4). Defendants are correct in that a goal of the Twenty-First Amendment is to "allow States to maintain an effective and uniform system for controlling liquor by regulating its transportation, importation, and use." *Granholm*, 544 U.S. at 484. However, the State may not hide behind the protection of the Twenty-First Amendment when there is a constitutional violation. *Id.* at 486. The enactment of the Twenty-First Amendment did not completely remove alcohol distribution from the reach of the Commerce Clause. *Bacchus Imports, LTD v. Dias*, 468 U.S. 263, 275 (1984) (holding that a determination on whether a law is violative of the Commerce Clause can be made on the basis of discriminatory purpose or of discriminatory effect). The Supreme Court held:

> Both the Twenty-First Amendment and the Commerce Clause are parts of the same Constitution [and] each must be considered in light of the other and in the context of the issues and interest at stake in any concrete case.

*Id.* at 275. Defendants cite case law which support their argument that the Twenty-First Amendment gives the state "virtually complete control" over liquor distribution. (Def.'s Mot. to Dismiss at 14-15) (citing *Graholm* at 488-89 (citing *California Retail Liquor Dealers Assn. v. Midcal Aluminum, Inc.* 445 U.S. 97 (1980) (holding that states have virtually complete control over how to structure the state's liquor distribution system under the Twenty-First Amendment) and *North Dakota v. United States,* 495 U.S. 423, 432 (1990) (holding that the 3-tier system for alcohol distribution is legitimate)). However, there is a marked difference between "virtually complete control" and absolute control. State law that "directly regulates or discriminates against interstate commerce, or when its effect is to favor in-state economic interests over out-of-state interests," has generally been

6

struck down by the Supreme Court. *Brown-Foreman Distillers Corp. v. New York State Liquor Authority*, 476 U.S. 573, 579 (1986) (finding that the Twenty-First Amendment did not completely remove state alcohol regulation from the confines of the Commerce Clause and that the Amendment does not grant states the authority to regulate alcohol sales in other states or countries). Whether intentional or not, it can be argued that Michigan's law has the effect of favoring the economic interest of Michigan retailers over out-of-state retailers, which poses a constitutional issue under the Commerce Clause. *Id.* at 579.

Defendants further argue that they are treating "liquor produced out of state the same as its domestic equivalent." (Def.'s Mot. to Dismiss at 15). Defendants claim, whether produced in Michigan or elsewhere, that the wine cannot be directly shipped to Michigan consumers from out-of-state retailers, and in that sense the products are treated equally. (Defs.' Mot. at 13). Again, that would require the Court to limit the holding of *Granholm* in a way that is debatable. In *Granholm*, the Supreme Court focused more on discrimination against out-of-state *economic interest* and access to out-of-state markets, rather than, specifically, on out-of-state wine producers. *Granholm,* 544 U.S. at 472- 73. Defendants' argument that it is treating out-of-state products equally is arguable but, in light of a broad reading of *Granholm,* such an argument may not pass constitutional muster under the Commerce Clause.

The Twenty-First Amendment allows States to maintain an effective and uniform system for controlling liquor by regulating its transportation, importation, and use. *Id.* at 484. However, the Amendment did not give States the authority to pass non-uniform laws in order to discriminate against out-of-state goods. *Id.* at 484-85. Defendants assert justifications to support the State's reasons for prohibiting direct sales to consumers by out-of-state retailers, such as prohibiting sales to minors and ensuring that taxes are collected and remitted to the state. (Def.'s Mot. to Dismiss at

6). The Court is mindful of these justifications but the Court must also consider "whether [the] State's regime 'advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives.'" *Granholm*, 544 U.S. at 463. The State must prove that its local concerns are either likely to transpire [or increase] if the State were to allow out-of-state retailers to direct ship, or that the concern "poses such a unique threat that it justifies their discriminatory regimes." *Id.* at 490, 492. Merely stating justifications are not sufficient grounds for granting a dismissal under Rule 12(b)(6). Once the State has provided sufficient evidence to support their justifications, it must show that the means chosen are the least restrictive. *Id.*

The Court in *Granholm* specifically addressed two of the State's concerns: access to minors and tax evasion. *Id* at 490-91. The Court noted that there is a risk for tax evasion with direct shipping, whether in-state or out-of-state. *Id.* Also, under Mich. Admin. Code Rule 436.1725(2), Michigan already collects taxes directly from out-of-state wineries whose products are sold in the state. The Supreme Court noted that requiring an adult signature upon delivery would address the State's concern on the issue of minor access to alcohol. *Id*.

The issue of whether the State may limit out-of-state retailers from directly shipping to consumers is complex and the State may be able to put forth a legitimate reason why the disparity in treatment between out-of-state and in-state retailers is necessary. The Court, however, agrees with Plaintiffs in that the issue of justifications is best left to a Fed. R. Civ. P. Rule 56(c) motion but not at the Rule 12(b)(6) motion stage where the Court must take the allegations in the Complaint as true. Plaintiffs have stated a claim that in-state retailers and out-of-state retailers are treated differently under Michigan's law prohibiting out-of-state retailers from directly shipping to consumers. Defendants' Motions to Dismiss are denied.

## V. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motions to Dismiss **[Docket No. 14, Filed September 7, 2006 and Docket No. 20, Filed October 2, 2006]** are DENIED.


                                                s/ DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED: October 12, 2007


I hereby certify that a copy of the foregoing document was served upon counsel of record on October 12, 2007, by electronic and/or ordinary mail.

                                                S/William F. Lewis
                                                Case Manager